**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEWIS LEROY MCINTYRE JR., | ) CASE NO. 5:20-cv-02577 |
| Petitioner, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| WARDEN TOM SCHWEITZER, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 47). Petitioner Lewis Leroy McIntyre Jr., represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 12, 2020, raising six grounds for relief. (R. 1). On September 30, 2021, the Magistrate Judge stayed this case. (R. 21). The District Judge previously assigned to this matter overruled objections to the Magistrate Judge's decision to stay this matter. (R. 24).[1] Subsequently, Petitioner moved to dismiss all grounds for relief previously raised, except for the one raised in ground two of his petition, which the Magistrate Judge granted. (R. 34 & 36). At the Magistrate Judge's direction, Petitioner filed an amended habeas petition on August 9, 2022. (R. 37).

Petitioner's sole ground for relief asserts as follows:

McIntyre's rights to due process and equal protection under the 14th Amendment

---

[1] This matter was reassigned to the undersigned District Judge on February 22, 2022.

> were violated as his statutory right, under ORC 2953.02, to direct appellate review of his February 3, 2016 judgment of conviction, was frustrated by the Ninth District Court of Appeals, sua sponte and without advance notice or warning, arbitrarily and capriciously refusing to address his assignments of errors on the merits.

(R. 38, PageID# 636).

The Magistrate Judge's subsequent Report and Recommendation (R&R) recommends dismissing the petition as untimely. (R. 47). Alternatively, the R&R recommends dismissing Petitioner's sole ground for relief on the merits. *Id*. Petitioner filed objections to the R&R, followed by a supplement to the objections. (R. 50 & 51). For the reasons set forth herein, Petitioner's objections are overruled and the R&R is adopted.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory

2

Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

## II. Procedural History

The Report and Recommendation contains a thorough and exhaustive recitation of this matter's long and, at times, convoluted procedural history. (R. 47, PageID# 4062-4079). Petitioner's objections acknowledge that the R&R's recitation is an "overall accurate recitation." (R. 50, PageID# 4114). The Court declines to recount the case's entire procedural background in this opinion, but does include *infra* select portions of the procedural history as set forth by the state appellate court for purposes of context.

> {¶ 2} This matter arises from series of clerical mistakes, each compounding upon the previous. Much of the history of this case has been set forth by this Court in previous appeals. However, the procedural history as relevant to this appeal is as follows.
>
> {¶ 3} On February 7, 1991, the Summit County Grand Jury filed an open indictment ("initial indictment"), charging McIntyre for felonious assault in violation of former R.C. 2903.11(A)(2), with an attached firearm specification and a prior aggravated felony specification, listing G.T. as the victim.
>
> {¶ 4} On February 27, 1991, the grand jury issued secret supplement one, charging McIntyre with felonious assault in violation of former R.C. 2903.11(A)(2), with a firearm specification, listing R.T. as the victim ("secret supplement one"). The firearm specification was identified as "specification one to count one of supplement one".
>
> {¶ 5} On July 24, 1991, the grand jury filed a second supplemental indictment ("supplement two") to the initial indictment, adding a prior aggravated felony specification to count one of supplement one and including the first significant clerical mistake in this case. Although the charge of felonious assault in secret supplement one already had a "specification one to count one of supplement one" attached, supplement two also identified the prior aggravated felony specification as "specification one to count one of supplement one". Supplement two also included a charge for aggravated burglary in violation of former R.C. 2911.11(A)(2) and (3), with a firearm specification attached and listing R.T. and T.J. as victims. Additionally, "[b]efore trial, the trial court granted an oral motion to amend one of the felonious-assault counts to add a second victim." No entries

were ever filed journalizing the amendment.

{¶ 6} A jury trial commenced on the above charges on August 8, 1991. However, McIntyre failed to appear for the second day of trial. Although defense counsel moved for a continuance or a mistrial, those motions were overruled and the trial continued in McIntyre's absence.

{¶ 7} After deliberation, the jury returned a verdict finding McIntyre guilty of the crime of felonious assault, as contained in count one of the initial indictment and guilty of specification one (firearm). However, the jury found McIntyre not guilty of specification two to count one (prior aggravated felony). The jury further found McIntyre guilty of the crime of aggravated burglary, as contained in count one of supplement two, with specification one to count one of supplement two (firearm). Nonetheless, the jury was unable to reach a verdict as to the amended charge of felonious assault against R.T. and a second victim as well as the related specifications. Accordingly, the trial court "discharge[d] the jury without prejudice in reference to the prosecution of those charges."

{¶ 8} However, when the trial court memorialized the above verdict in its journal entry dated August 18, 1991, and filed September 9, 1991, rather than stating that the jury was unable to reach a decision as to the *amended* felonious assault in *amended* count one of supplement one, the trial court instead stated that the jury was "unable to reach a decision on a verdict as to the charge of FELONIOUS ASSAULT, as contained in count one of supplement one[.]" Additionally, in regard to the incorrectly labeled second "specification one to count one of supplement one" the trial court incorrectly labeled that specification as "specification one to count one of the supplement two to the indictment." (Emphasis added.) Thus leading to the second significant clerical error in this case.

{¶ 9} Meanwhile, on August 14, 1991, McIntyre was arrested for assault. The Summit County Grand Jury subsequently indicted McIntyre for failing to appear at trial ("supplement three"), in violation of R.C. 2937.29. Additionally, on August 28, 1991, the grand jury indicted McIntyre on charges of felonious assault, in violation of R.C. 2903.11(A)(2), and having weapons under disability, in violation of R.C. 2923.13(A)(2) ("supplement four"). Although McIntyre's new felonious assault and having weapons while under disability charges were unrelated to McIntyre's previous felonious assault or aggravated burglary charges, the new indictments were filed under the same case number as the offenses for which McIntyre was previously tried, but not yet sentenced.

{¶ 10} On September 9, 1991, the trial court filed a sentencing entry dated August 29, 1991, wherein the trial court sentenced McIntyre for the felonious assault and aggravated robbery charges and related specifications for which the jury had previously found him guilty. The August 29, 1991 sentencing entry did not

address the post-conviction indictments for failure to appear at trial, felonious assault, or having weapons while under disability.

{¶ 11} On October 15, 1991, the Summit County Grand Jury filed a fifth supplemental indictment ("supplement five") adding a prior aggravated felony specification to the charge for felonious assault as contained in supplement four, and a specification for a prior offense of violence to the charge for having weapons while under disability as contained in supplement four. Then, on May 19, 1992, the Summit County Grand Jury indicted McIntyre on another count of felonious assault, in violation of R.C. 2903.11(A)(1)/(A)(2), with a prior aggravated felony specification ("supplement six").

{¶ 12} Finally, on May 22, 1992, the trial court filed a sentencing entry dated May 21, 1992, memorializing a plea deal resolving all of McIntyre's post-trial indictments.[2] McIntyre appealed his convictions, raising five assignments of error. This Court, as well as the Supreme Court of Ohio, affirmed.

***

{¶ 14} Relevant to the current appeal, McIntyre filed a "motion to correct clerical mistake in verdict journal entry arising from oversight or omission pursuant to criminal rule 36(A)" on August 4, 2011. In his motion, McIntyre pointed out the clerical error as to the specification(s) to count one of supplement one in the trial court's August 13, 1991 journal entry explaining the jury's verdict. McIntyre did not reference the amendment adding a second victim to the charge of felonious assault in count one of supplement one. Thereafter, the trial court filed a nunc pro tunc journal entry on October 11, 2001, attempting to correct the journal entry dated August 13, 1991, and filed September 9, 1991. However, rather than correcting the journal entry to reflect that the jury was unable to reach a verdict as to the second "specification one to *amended* count one of supplement *one*" as opposed to the referenced specification one to count one of supplement *two*, the trial court instead deleted any reference to the specification.

***

{¶ 16} In the interim, on June 14, 2012, McIntyre filed [a motion,] [but] [t]he trial court determined that it lacked jurisdiction to consider McIntyre's motion because his appeal of the October 11, 2001 nunc pro tunc entry was still before this Court and denied the motions. Nonetheless, the State filed a memorandum in response, stating that the motions were moot because although McIntyre "wants to go to trial on a supplemental count upon which the jury could not reach a verdict" the state would not retry the count and that "count of felonious assault with

---

[2] Petitioner pleaded guilty to an assault charge and received a sentence of eighteen months to run *concurrently* with his other convictions. (R. 38-2, PageID# 942-944).

5

specification one, count one of supplement one should be dismissed without prejudice." Accordingly, on June 28, 2012, the trial court dismissed the charge of felonious assault, "as contained in Count One of Supplement One to the Indictment, as well as the Specification One to Count One of Supplement One to the Indictment." Thus, dismissing the supplemental charge of felonious assault rather than the *amended* charge of felonious assault. Additionally, although we noted above that there were two "specification one to count one of supplement one" the State's motion and the trial court's entry dismissing the felonious assault did not reference the multiple specifications.

\*\*\*

{¶ 18} Thereafter, 23 years after he was convicted, McIntyre filed a petition with the Supreme Court of Ohio seeking a writ of mandamus compelling the issuance of a final, appealable order in the underlying case and a writ of prohibition for the purported purpose of curing a number alleged errors in the criminal proceedings. Although the State argued that McIntyre's claims were barred by res judicata, a plurality [of] the Supreme Court of Ohio concluded that res judicata did not apply to McIntyre's petition for a writ of mandamus because the trial court had never issued a final appealable order because "[i]n order to fashion a final appealable order * * * one would have to consult at least three separate documents in violation of the *Baker* one-document rule" and because the amended felonious assault charge in count one of supplement one was not "addressed in any court order." Accordingly, the Supreme Court issued a peremptory writ directing the Summit County Court of Common Pleas to issue a final, appealable order disposing of all the charges against *McIntyre*, but dismissed the request for a writ of prohibition as premature.

{¶ 19} On remand, the trial court issued a journal entry on February 3, 2016, pursuant to the Supreme Court's directive that consolidated the relevant journal entries into one document.

*State v. McIntyre*, 2018-Ohio-2001, ¶¶ 2-19, 2018 WL 2341004 (Ohio Ct. App. May 23, 2018) (internal citations omitted).

The state appellate court found Petitioner's claims were barred by res judicata, as they could have been raised on his direct appeal, explaining that "the Supreme Court of Ohio 'has consistently regarded Crim.R. 32(C) errors as clerical mistakes subject to nunc pro tunc corrections.'" 2018-Ohio-2001 at ¶23 (citations omitted). The state appellate court further explained that "[a]ccordingly, 'where a trial court issues a corrected journal entry to comply with

6

Rule 32, a defendant who has already had the benefit of a direct appeal cannot raise any and all claims of error in successive appeals. * * * In such circumstances, res judicata remains applicable and the defendant is not entitled to a second bite at the apple.'" *Id*. (citations omitted). Petitioner's motions for reconsideration, *en banc* consideration, and to certify a conflict were denied. (R. 38-2 , PageID# 2478-87).

Subsequently, Petitioner appealed the state appellate court's *res judicata* decision arguing that the "law of the case" doctrine applied and that the state appellate court's decision contradicted the Supreme Court's earlier decision (R. 38-2, PageID# 2503-2505), but the Ohio Supreme Court declined to accept jurisdiction on November 12, 2019. *State v. McIntyre*, 2019-Ohio-4600, 134 N.E.3d 203 (2019) (table)).

In the interim, Petitioner filed a state habeas corpus petition with the Ohio Supreme Court, arguing that he should have been resentenced pursuant to statutes that were in effect in 2016, rather than those in effect at the time of his conviction. On July 2, 2020, the Ohio Supreme Court denied his petition, explaining that habeas remedies are not available when there is an adequate remedy in the ordinary course of law, and that the alleged sentencing errors he complained of "are not jurisdictional and are not cognizable in habeas corpus." *McIntyre v Hooks*, 165 N.E.3d 229, 232 (Ohio 2020). Five days later, on July 7, 202, the Ohio Supreme Court also denied Petitioner's motion for reconsideration of its November 12, 2019 decision declining to accept jurisdiction. (R. 38-3, PageID# 3629).

### III. Analysis

A.  **Petitioner's Alleged Errors of State Law**

As noted above, Petitioner's sole remaining ground for relief alleges that he was deprived of due process and equal protection under the 14th Amendment when the state appellate court

7

found his assignments of error were barred by res judicata, thereby frustrating his appeal. (R. 37). However, a closer examination of Petitioner's amended petition and objections reveals that his arguments, in actuality, are firmly rooted in alleged violations of state law. (R. 37 & 50). Petitioner contends the state appellate court failed to defer to the ruling of a higher state court; that it improperly construed the trial court's 2016 sentencing as a nunc pro tunc entry; and apparently disagrees with the state appellate court's application of Ohio Criminal Rule 32(C) and Ohio case law. *Id*. Although Petitioner attempts to couch his sole ground for relief as a federal claim for habeas relief, Petitioner's objections reveal he is in actuality challenging the state appellate court's application of state law where he argues that "there was only one reasonable interpretation of *State ex rel. McIntyre*[,] [that] [t]he Ohio Supreme Court said that res judicata did not apply to McIntyre's case." (R. 50, PageID# 4121). Petitioner further argued that "[w]hen the Ohio Supreme Court interpretation of state law is properly adopted by this Court, then it becomes very clear that McIntyre's appeal of the February 3, 2016 final appealable order was the first direct appeal…." *Id*. at PageID# 4123. Thus, it is apparent that Petitioner is asking this Court to override the state appellate court's interpretation of state law.

However, it is well settled that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). As observed by another district court in this Circuit: applying Ohio

> Ohio law provides that an issue that was raised or could have been raised on direct appeal is barred from consideration in a post-conviction proceeding by the doctrine of res judicata. *See State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104, 105-06 (Ohio 1967) (syllabus); *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 209 (Ohio App. 1 Dist. 1994) (holding that res judicata stops post-conviction

8

> relief for claims that could have been raised on direct appeal).
>
> ***
>
> Petitioner argued on appeal of the denial of his post-conviction petition and in Ground Four that the trial court misapplied res judicata to his claims. However, as noted in the October 4, 2021 Report and Recommendation, errors in post-conviction petitions are not cognizable in federal habeas corpus. (Doc. 47 at PageID 564-65). Furthermore, "[g]enerally, a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001) (noting that Ohio's res judicata rule is a matter of state law).

*Brown v. Warden, Chillicothe Corr. Inst.*, No. 1:17-cv-583, 2022 U.S. Dist. LEXIS 146948, at *9, 2022 WL 3369531 (S.D. Ohio Aug. 16, 2022). "Because our court treats state court interpretations of state law with deference, we will not disturb the Ohio state court's application of its own res judicata law." *Avery v. Wainwright*, No. 20-3530, 2022 U.S. App. LEXIS 12867, at *23, 2022 WL 1498431 (6th Cir. May 12, 2022) (*citing Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984)).

The Magistrate Judge correctly determined that "[i]nterpreting state law, the Ninth District concluded the trial court's entry consolidating Mr. McIntyre's convictions and sentences, fixing clerical errors by *nunc pro tunc* entry to comply with Criminal Rule 32(C), and dismissing an unresolved specification that did not affect any new substantive right did not preclude the application of *res judicata* to his 2016 claims." (R. 47, PageID# 4093-94). It was appropriate for the R&R to defer to the state court's interpretation of state law.

After concluding that Petitioner "received the benefit of direct review of the claims he raised in 1991," the R&R found that "[a]t the core of [Petitioner's] argument is the unfounded assertion that defendants must be allowed to receive direct review of additional claims when the state trial court issues a final appealable order disposing of all charges, but otherwise does not

substantively change the convictions or the sentence. No such federal precedent establishes a constitutional right to direct review of new issues in such circumstances." *Id*. at PageID# 4094-95. The Court agrees. Petitioner's objections tellingly fail to address this shortcoming, and does not point to any clearly established law suggesting such a rights exists. His alleged errors of state law are simply not cognizable upon federal habeas review.

Instead, Petitioner makes the unconvincing argument that the Magistrate Judge should have ignored the state appellate court's res judicata finding and found it to be inconsistent with the Ohio Supreme Court's 2015 decision that led to the 2016 trial court sentencing entry and/or inconsistent with the Ohio Supreme Court's 2020 decision denying Petitioner's state habeas corpus petition. (R. 50, PageID# 4114,4117-4123).

There are two major flaws with Petitioner's argument, one flows from the other. First, Petitioner, in appealing the state appellate court's 2018 decision, made the same state law arguments before the Ohio Supreme Court that he makes here. The Ohio Supreme Court, had it perceived a glaring error in the lower court's decision for failure to follow its previous order, could have ruled so. Instead, it declined jurisdiction to hear the appeal.

Second, the "look-through" presumption in habeas cases requires this Court to treat the Ohio Supreme Court's decision declining to accept jurisdiction as resting on the same grounds as the state appellate court's decision. Another district court recently rejected objections to an R&R that challenged the Magistrate Judge's finding that the Ohio Supreme Court adjudicated his claims on the merits when it declined to accept jurisdiction of his appeal. *See Speicher v. Hill*, No. 3:21-CV-01341, 2024 WL 4188300, at *5 (N.D. Ohio Sept. 12, 2024) (Gwin, J.). Petitioner herein suggests the R&R should have essentially looked past the direct appeal of the state appellate court's 2018 decision and the Ohio Supreme Court's decision not to accept jurisdiction,

10

as well as its denial of Petitioner's motion for reconsideration, and instead infer from other decisions of the same court that the Ohio Supreme Court would have overturned the state appellate court's res judicata finding had it accepted the appeal that it declined to accept.

As astutely recognized in *Speicher*, "[such an] objection misconstrues widely recognized federal habeas law." *Speicher*, 2024 WL 4188300 at *5.

> The United States Supreme Court has adopted a "look-through" presumption for § 2254 petitions. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." So, in deciding whether federal habeas relief is warranted, district courts must look to the "last explained state-court judgment" on the petitioner's federal claim.
>
> When the Ohio Supreme Court declined to accept jurisdiction of [Petitioner's] appeal without further comment, it left the Ohio Court of Appeals' opinion as the last reasoned decision on [Petitioner's] claims. The Ohio Supreme Court's decline of jurisdiction therefore "rest[ed] upon the same ground" as the Court of Appeals' opinion. The R&R appropriately based its analysis of [Petitioner's] claims on the Ohio Court of Appeals' opinion.

*Speicher v. Hill*, No. 3:21-CV-01341, 2024 WL 4188300, at *5 (N.D. Ohio Sept. 12, 2024) (footnotes omitted); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991).

Here too, the R&R appropriately based its analysis of Petitioner's claims on the state appellate court's opinion. The Supreme Court's admonition required the Magistrate Judge to presume that the Ohio Supreme Court's decision declining to accept jurisdiction essentially rested upon the same basis. Petitioner's objections, which insists the Magistrate Judge should have tried to glean from other decisions what the Supreme Court of Ohio would have done had it accepted the appeal, are overruled.

**B. Lack of Fair Presentation**

Even if the Court were to assume for the sake of argument that Petitioner's sole ground

for relief centered on clearly established federal law rather than alleged errors of state law, the Court would have to deny the petition as such claims were not fairly presented to the state courts. Although Respondent identifies this issue, the supporting argument is limited. (R. 38, PageID# 686-688, 703-704). Nevertheless, a court may raise the issue *sua sponte*.

> The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. See *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134 138-39 (6th Cir. 1970).

*Thompson v. Douglas*, No. 1:25-cv-68, 2025 U.S. Dist. LEXIS 14595, at *4-5 (W.D. Mich. Jan. 28, 2025); *Brown v. Ohio*, No. 1:10cv1030, 2010 U.S. Dist. LEXIS 73441, at *2 (N.D. Ohio July 20, 2010) ("The exhaustion issue must be raised by the district court when it clearly appears that habeas claims have not been presented to the state courts.") (Lioi, J.)

In order for a federal habeas claim to have been considered "fairly presented" to a state's courts, the claim must have been raised before the state's highest court, as only in this manner will the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights. See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S. Ct. 2546, 115 L. Ed. 2d 640(1991).

To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon

federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003), *abrogated on other grounds as recognized in English v. Berghuis*, 529 Fed. App'x 734, 744-45 (6th Cir. Jul. 10, 2013).

Petitioner's first opportunity to argue that he was denied direct appellate review resulting in a violation of his due process rights and equal protection under the 14th Amendment was on his direct appeal from the state appellate court's May 2018 opinion. Petitioner did file an appeal, but his memorandum in support of jurisdiction makes no mention at all of an equal protection violation or a denial of a right to an appeal. Rather, Petitioner makes two isolated and undeveloped assertions that his due process rights were violated in his introductory explanation as to why he believes the case to be of great public interest or raising a substantial constitutional question. (R. 38-2, PageID# 2492, 2494). He does not touch on any due process argument in the "Law and Argument" portion of his memorandum in support of jurisdiction, which is focused exclusively on an alleged violation of the law-of-the-case doctrine and his belief that, under Ohio law, his 2016 sentencing entry did not constitute a final appealable order. *Id*. at PageID# 2492-2494, 2503-2506.

Significantly, Petitioner did not rely upon any federal or state cases employing constitutional analysis, did not phrase his argument in terms of federal constitutional law or denial of a specific constitutional right, nor did he allege facts well within the mainstream of constitutional law.

The Sixth Circuit has explained that "[o]ur cases view [petitioner's] isolated allusion to

13

'constitutional rights to due process and a fair trial' as failing to afford the [state] courts adequate notice that [he] intended to invoke the Due Process Clause." *Katt v. Lafler*, 271 Fed. App'x 479, 482 (6th Cir. 2008) (*citing Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("[G]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated."); *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995) ("A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument.")).

In the case at bar, Petitioner merely mentioning the words "due process" without any accompanying argument of a federal constitutional dimension does not satisfy the fair presentation requirement. "Merely using talismanic constitutional phrases like 'fair trial' or 'due process of law' does not constitute raising a federal constitutional issue." *Almedom v. Hill*, No. 2:22-cv-2229, 2023 U.S. Dist. LEXIS 93123, at *4-5 (S.D. Ohio May 26, 2023) (citations omitted).

"[T]he crux of Petitioner's claim lies in Ohio state sentencing laws and appellate procedure, not with federal constitutional rights. Without more, 'a mere error of state law is not a denial of due process.'" *Dority v. Bunting*, 2013 U.S. Dist. LEXIS 154228 at *15 (N.D. Ohio, Sep. 18, 2013) (*quoting Engle v. Isaac*, 456 U.S. 107, 121 n.21, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)). Therefore, the Court alternatively finds that Petitioner's sole ground for relief is subject to dismissal for lack of fair presentation.

C. **AEDPA's Statute of Limitations**

Finally, in the alternative, the Court agrees that the present habeas petition is untimely filed. As noted in the R&R, the statute of limitations expired in July of 1993, and Petitioner has

not argued that equitable tolling applies. (R. 47, PageID# 4088-89).

The R&R did note that the habeas petition might be timely if the 2016 *nunc pro tunc* sentencing order constituted a new judgment, as that could restart the statute of limitations altogether. *Id*. at PageID# 4089. Petitioner's objections focus on his above rejected argument that the state appellate court's finding—that his appeal from a 2016 sentencing entry was barred by res judicata—was incorrect based on Petitioner's own interpretations of two Ohio Supreme Court rulings in his case (but not the Supreme Court's decision to decline jurisdiction of the actual appeal from the state appellate court decision he challenges). As noted above, the Court defers to state court rulings on matters of state law, such as state appellate rules or sentencing rules.

Petitioner argues that the 2016 *nun pro tunc* sentencing restarted the statute of limitations based on the authority of *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016), which found that "a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment." The R&R tackled this argument head on, noting that the *Crangle* decision "distinguished a limited resentencing that benefits a defendant, such as a sentence reduction, from a 'new, worse-than-before-sentence' that 'amounts to a new judgment.'" (R. 47, PageID# 4090, *citing Crangle*, 838 F.3d at 679-680)).

The R&R concluded that "*Crangle* does not apply here. The *nunc pro tunc* order did not alter [Petitioner's] sentence or impose a new sentence on him. Instead, the order combined documents, corrected clerical errors to reflect the trial court's actions more accurately, and dismissed previously unresolved charges." (R. 47, PageID# 4090). This Court agrees. In *Crangle*, the Sixth Circuit explicitly stated that "[i]f the … *nunc pro tunc* order merely corrected a record to accurately reflect the court's actions, it would not be a new sentence that resets the

15

statute of limitations under § 2244(d)(1)(A)." 838 F.3d at 680.

In his objections, Petitioner attempts to argue the 2016 entry was a new, worse-than-before-sentence, because it added in an 18-month sentence, albeit concurrent, from the 1992 entry on another charge. (R. 50, PageID# 4120). The Court disagrees. The Court fails to see how two separate sentencing entries, even if technically in the same case number, that were entered decades ago, became a "new" sentence simply because they were combined at the instruction the Ohio Supreme Court. Moreover, even assuming *arguendo* that the consolidated *nunc pro tunc* sentencing order is "new," it does not follow Petitioner's sentence is worse than before, as the 18-month concurrent sentence had not been added to his sentence the way post-release control was added in *Crangle*. The R&R accurately stated that the 2016 order merely "combined documents, corrected clerical errors to reflect the trial court's actions more accurately." (R. 47, PageID# 4090). No worse-than-before sentence was created. Therefore, Petitioner was not entitled to restart the statute of AEDPA limitations under *Crangle*.

## IV. Conclusion

The Court has carefully reviewed the the Report and Recommendation and Petitioner's objections in accordance with the aforementioned standard, finds no error, and agrees with the findings set forth in the Report and Recommendation. The Court agrees that Petitioner's sole ground for relief fails to state a cognizable claim, it was not fairly presented to the state's courts, and it was filed beyond the statute of limitations.

The Magistrate Judge's Report and Recommendation (R. 47) is hereby ADOPTED and Petitioner's objections are overruled. The matter is hereby DISMISSED.

Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§

1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Date: March 14, 2025                                         s/ *David A. Ruiz*
                                                                 David A. Ruiz
                                                                 United States District Judge